IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY A. HUTCHINS, )
)
Plaintiff, )
)
vs. )   Civil Action No. 11-122
)
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL SECURITY, )
)
Defendant. )

O R D E R

AND NOW, this 23rd day of March, 2012, upon consideration

of the parties' cross-motions for summary judgment, the Court, upon

review of the Commissioner of Social Security's final decision, denying

plaintiff's claim for disability insurance benefits under Subchapter

II of the Social Security Act, 42 U.S.C. §401, et seq., finds that the

Commissioner's findings are supported by substantial evidence and,

accordingly, affirms.  See 42 U.S.C. §405(g); Jesurum v. Secretary of

U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir.

1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert.

denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211,

1213 (3d Cir. 1988).  See also Berry v. Sullivan, 738 F. Supp. 942,

944 (W.D. Pa. 1990) (if supported by substantial evidence, the

Commissioner's decision must be affirmed, as a federal court may neither

1

reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

As stated above, substantial record evidence supports the decision of the Administrative Law Judge ("ALJ") that Plaintiff is not disabled under the Social Security Act (the "Act"). Plaintiff contends that the ALJ erred by not giving proper credence to his subjective complaints of disabling pain and by substituting his own opinions for those of Plaintiff's treating specialists. The Court disagrees.

"An ALJ must give great weight to a claimant's subjective testimony of the inability to perform even light or sedentary work *when this testimony is supported by competent medical evidence.*" Schaudek v. Comm'r of Soc. Sec., 181 F.3d 429, 433 (3d Cir. 1999) (citing Dobrowolsky v. Califano, 606 F.2d 403, 409 (3d Cir. 1979)) (emphasis added). An ALJ is free to reject a claim of disabling pain so long as he (1) "consider[s] the subjective pain", (2) "specifie[s] his reasons for rejecting [the claim]," and (3) "supports his conclusion with the medical evidence in the record." Grandillo v. Barnhart, 105 Fed. Appx. 415, 417 (3d Cir. 2004) (quoting Matullo v. Bowen, 926 F.2d 240, 245 (3d Cir. 1990)).

In evaluating Plaintiff's subjective complaints of pain, the ALJ considered them in the context of the entire record. (R. 14-19). He explained that the claimed level of severity was inconsistent with the objective medical evidence and diagnostic findings which demonstrated only mild to moderate limitations. The ALJ stated that the record showed that Plaintiff's pain was tolerable and that he responded well to chiropractic treatment and pain medication. (Id. at 17-18). The ALJ also discussed the medical evidence at length and noted that despite a four-year treatment history beginning in 2004, Plaintiff had stopped treating with his chiropractor Dr. Wano in June of 2008, almost 15 months prior to his hearing. (Id. at 18). He further discussed how Plaintiff had pursued only conservative treatment and ignored recommendations to undergo surgery. (Id. at 18). The ALJ considered the fact that Plaintiff had never attempted to return to work and he referenced a notation made by Dr. Canterna in his treatment records dated April 28, 2009, stating that he did not "even feel [that] [Plaintiff] wants to return to any kind o[f] active employment." (Doc. No. 3-11 at 11). The ALJ also described how Plaintiff's activities

2

of daily living ("ADL") conflicted with the frequency and degree of debilitating pain that Plaintiff alleged to be experiencing and explained that the longitudinal record did not support his allegations. (R. 16-17).

The Court finds that the ALJ properly considered Plaintiff's subjective complaints of pain, provided specific reasons for rejecting the complaints and supported his conclusion that the pain was non-disabling with the objective medical evidence in the record. The ALJ was not required to accept Plaintiff's subjective complaints of pain as dispositive evidence of disability because "statements about pain symptoms do not alone establish disability." Lane v. Comm'r of Soc. Sec., 100 Fed. Appx. 90, 96 (3d Cir. 2004). Indeed, he was entitled to reject Plaintiff's subjective complaints of pain on the basis that his complaints were contradicted by the other evidence in the record. See Harkins v. Comm'r of Soc. Sec., 399 Fed. Appx. 731, 735-36 (3d Cir. 2010). As such, the Court finds that the ALJ's evaluation of Plaintiff's subjective complaints was proper and that his conclusion that Plaintiff did not experience debilitating pain is supported by substantial evidence in the record.

Plaintiff's second contention likewise lacks merit. Plaintiff cites to Morales v. Apfel, 225 F.3d 310 (3d Cir. 2000) as support for her argument that the ALJ substituted his opinion for those of Plaintiff's treating specialists. Plaintiff's reliance on Morales is misplaced, as it is inapposite to the facts at hand. Morales unequivocally stands for the proposition that an ALJ's credibility determination cannot "carry the day and override the medical opinion of a treating physician that is well-supported by the record." Id. at 318. The ALJ in this case did not disregard any treating physician opinions, as none existed in the record. The only medical source statement in the record was rendered by Dr. Wano, Plaintiff's chiropractor, who concluded that Plaintiff lacked the capacity to work. (Doc. No. 3-11 at 37). Recognizing that Dr. Wano is not an acceptable medical source, the ALJ gave his statement due consideration as relevant evidence and afforded it weight to the extent it was consistent with the other evidence of record. The Court finds that the ALJ properly evaluated and weighed the medical evidence in the record and sufficiently explained his reasoning for his determination.

Plaintiff's assertion that the ALJ accused him of "faking his pain" equally is unavailing. The Court finds that it was not improper for the ALJ to consider the possibility that Plaintiff had ulterior motives underlying his efforts to seek disability benefits by virtue of his worker's compensation settlement and his demonstrated reliance on opiate medication. See Leech v. Barnhart, 177 Fed. Appx. 225, 228 (3d Cir. 2006) ("It was not improper for the ALJ to consider [the

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 5) is DENIED and defendant's Motion for Summary Judgment (document No. 7) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:      Counsel of record

---

plaintiff's] financial interest in her ongoing worker's compensation claim and underlying Social Security disability benefits claim and her possible addiction when making the credibility determination.") (citing Gaddis v. Chater, 76 F.3d 893, 896 (8th Cir.1996) (noting that an ALJ is entitled to find that a "strong element of secondary gain" diminishes a claimant's credibility)). The ALJ is entitled to consider the various factors that counsel one's decision to seek disability benefits, particularly in light of the lack of medical evidence corroborating Plaintiff's allegation of disabling pain. See id. at 228; see also Frey v. Bowen, 816 F.2d 508, 516 (10th Cir. 1987) ("Subjective pain must be evaluated with due consideration for credibility, motivation, and medical evidence.") (citing Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir. 1984)). The ALJ's suspicion that Plaintiff did not want to return to work was shared by one of Plaintiff's treating physicians and the Court notes that Dr. Canterna's notation was dated only 5 months prior to Plaintiff's hearing. Thus, the Court finds that the ALJ's conclusion that Plaintiff had incentive to overstate the severity of his symptoms in order to support his worker's compensation claim and ensure his continued receipt of narcotic pain medication was reasonable. The Court further finds that the ALJ gave Plaintiff a full and fair hearing, that he did not inject his personal bias into the proceedings, and that his determination of non-disability finds substantial support in the evidentiary record.

Against this backdrop, Plaintiff's assertion that the ALJ did not properly consider his long work history loses its force; any significance that Plaintiff's work history carried is diminished by the fact that sufficient evidence exists to question his desire, not ability, to return to the work-force.

4